IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

LEONARD W. GIDDENS, JR.,          :
                                  :
          Plaintiff,              :   NO. 1:05-cv-160(WLS)
                                  :
VS.                               :
                                  :
Judge AUBREY DUFFEY, *et al.*,    :
                                  :
          Defendants.             :
_____:

# O R D E R

Plaintiff **LEONARD W. GIDDENS, JR.**, presently confined in Calhoun State Prison in Morgan, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to pay the prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

1

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'. . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity

2

secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. AMENDED COMPLAINT

Since filing his complaint, plaintiff has filed a motion to amend his complaint (Tab # 3). In his motion to amend, plaintiff seeks to supplement and explain his original complaint as well as add two defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given. Plaintiff's motion to amend the complaint is hereby **GRANTED**. The claims asserted in both the original complaint and the amendment are addressed below.

## III. BACKGROUND

Plaintiff's complaint concerns his 2003 arrest for murder and his subsequent conviction in the Superior Court of Carroll County for aggravated assault. Plaintiff alleges that he was wrongfully convicted and that he is the victim of a conspiracy by all the defendants. Plaintiff names as defendants Judge Aubrey Duffey; Gerald P. Word and Kevin Drummond, plaintiff's criminal defense attorneys; Dr. Chris Sperry, a forensic pathologist; Investigator Kevin E. Johnson; the State of Georgia; and the Superior Court of Carroll County and the Georgia Court of Appeals. He seeks total monetary damages of $150,000,000, and an order overturning his conviction.

## *IV. DISCUSSION*

### *A. VENUE*

Initially, the Court notes that venue in this district is improper. The venue provision of 28

U.S.C. § 1391(b) provides in relevant part:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

All the individual defendants apparently reside, and all of the events in the complaint were alleged

to have occurred, in Carroll County, Georgia. Carroll County is located in the Northern District of

Georgia. 28 U.S.C. § 90(a)(4). Accordingly, the proper venue for plaintiff's claims is the Northern

District of Georgia, not this district.

Title 28 U.S.C. § 1406(a) provides that if jurisdiction is not proper in a court, that court may

transfer the case to another court in which jurisdiction would be proper. However, the court should

transfer the case only if doing so is in the interest of justice. A transfer of this case would not be in

the interests of justice because plaintiff's lawsuit is frivolous, as discussed below.

### *B. SPECIFIC DEFENDANTS*

#### *1. Judge Aubrey Duffey*

Plaintiff sues Judge Duffey because Judge Duffey allegedly failed to define assault when he

4

charged plaintiff's jury on aggravated assault.

Judges have absolute immunity from liability for damages in civil suits for actions taken while acting in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356-57. Instructing the jury is a typical judicial function, and Judge Duffey was clearly acting in his judicial capacity when he charged the jury. *Book v. Tobin*, 2005 WL 1981803 (D. Conn. Aug. 16, 2005) (Quintessential judicial acts include presiding over trial proceedings, making evidentiary rulings, issuing jury instructions, and deciding motions, and remain protected by judicial immunity even if the decisions are erroneous, untimely, and in excess of the judge's authority.) Judge Duffey is therefore entitled to absolute immunity from plaintiff's claim for damages.

### 2. Gerald P. Word and Kevin Drummond

Plaintiff alleges that his trial counsel, Word, violated plaintiff's rights when he failed to 1) spend enough time with plaintiff prior to trial; 2) inform plaintiff of his right to testify, or call plaintiff to the stand; 3) call character witnesses on plaintiff's behalf; or 4) present relevant evidence on plaintiff's behalf. Plaintiff's appellate counsel, Drummond, allegedly refused to raise on appeal certain arguments that plaintiff requested.

It is well-settled that in acting as counsel for a criminal defendant, an attorney does not act

5

"under color of state law." *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (holding

that public defenders do not act "under color of state law" and therefore are not subject to suit under

42 U.S.C. § 1983); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). An attorney may be sued

under section 1983, however, if he conspired with someone who did act under color of state law.

*Id.* In the present case, plaintiff alleges such a conspiracy involving Word, Drummond, and the

other defendants. Plaintiff, however, failed to plead more than a general conclusory allegation of

conspiracy. Because plaintiff failed to allege specific facts supporting the existence of a conspiracy,

plaintiff has not stated a constitutional claim cognizable under section 1983. *See Fullman v.*

*Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

### 3. Dr. Chris Sperry

Plaintiff alleges that Dr. Chris Sperry, a forensic pathologist, gave testimony at plaintiff's

trial that was inconsistent with photographs taken at the crime scene. Witnesses, whether private

individuals or law enforcement officials, are absolutely immune from civil damage claims based

on their testimony in a judicial proceeding. *See Briscoe v. LaHue,* 460 U.S. 325, 326 (1983); *Kelly*

*v. Curtis*, 21 F.3d 1544, 1553 (11th Cir. 1994); *Strength v. Hubert*, 854 F.2d 421 (11th Cir. 1988).

The policy behind this grant of immunity is to encourage truthful testimony. If a witness could be

later subjected to an action for damages, she "might be reluctant to come forward to testify" or her

6

"testimony might be distorted by the fear of subsequent liability." ***Briscoe***, 460 U.S. at 333. The Eleventh Circuit Court of Appeals has extended this immunity to civil conspiracy claims. ***See Jones v. Cannon***, 174 F.3d 1271, 1289 (11th Cir.1999) (holding detective and trial witness absolutely immune from claim of conspiracy to present false testimony). Accordingly, Dr. Sperry is absolutely immune from section 1983 liability for his testimony, even if false, at plaintiff's trial.

### 4. Investigator Kevin E. Johnson

Plaintiff alleges that on March 31, 2003, Kevin E. Johnson, an investigator with the Carroll County Sheriff's Office, despite "knowing" that plaintiff had acted in self-defense, arrested and charged plaintiff with the murder of Winford McGatha. "Even if the circumstances suggest that a suspect may have an affirmative defense, if a reasonable officer would not 'conclusively know' that the suspect is protected by the defense, then he [the officer] is free to arrest the suspect provided there is probable cause to do so." ***Fridley v. Horrighs***, 291 F.3d 867, 873 (6th Cir.2002). Plaintiff, who admitted that he shot and killed McGatha, has not alleged any specific facts showing that there was a lack of probable cause for his arrest for murder. Additionally, the undersigned finds that plaintiff's claim against Johnson is time-barred. ***See Williams v. City of Atlanta***, 794 F.2d 624, 626 (11th Cir. 1986) (holding that the proper limitations period for a section 1983 claim is the two-year period prescribed for personal injury claims in O.C.G.A. § 9-3-33). Plaintiff's arrest occurred on March 31, 2003, but plaintiff did not file this lawsuit until November 9, 2005.

### 5. *State of Georgia*

Plaintiff apparently seeks to hold the State of Georgia liable for the actions, conduct, and misfeasance of its employees. The Eleventh Amendment bars section 1983 claims against state entities and state officials sued in their official capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This is because only "persons" can be sued under section 1983, and the state is not considered a person.

### 6. *Superior Court of Carroll County and Georgia Court of Appeals*

Plaintiff has included as defendants to this action the Superior Court of Carroll County and the Georgia Court of Appeals. A court is not a "person" subject to suit under section 1983. *Howard v. Brown*, 738 F. Supp. 508, 510 (S.D. Ga. 1988). Thus, the Superior Court of Carroll County and the Georgia Court of Appeals are not subject to suit in their own name absent express statutory authority. *Id.* There is no such statutory authority in Georgia.

### C. *CONSPIRACY*

Plaintiff alleges that the defendants all conspired to convict plaintiff of murder. Vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983. In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to allege in the complaint that a conspiracy existed. "A complaint may justifiably be dismissed because of the

8

conclusory, vague and general nature of the allegations of conspiracy." *Fullman*, 739 F.2d at 557

(citing 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2 ed. 1984)).

Here, plaintiff does not allege a single fact upon which one could infer that a conspiracy existed.

### D. HECK

As an alternate ground for dismissal, the Court finds that plaintiff's claim for damages falls

within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994).

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for an allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination,
> or called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.

When a section 1983 plaintiff seeks damages, the district court must determine whether a judgment

in favor of the plaintiff would necessarily render the conviction or sentence invalid.  Here,

plaintiff's claims, if proved, would invalidate his federal sentence.  Thus, the holding of *Heck* is

applicable to the present case.

Plaintiff has not demonstrated, as *Heck* requires, that his conviction or sentence has been

reversed, expunged, invalidated or called into question by the grant of the writ of habeas corpus.

Therefore, his claim for damages has not yet accrued.  Plaintiff may file his section 1983 claim against the appropriate defendants when he is able to meet the requirements of ***Heck***.

### E.  HABEAS

Even assuming plaintiff's constitutional rights have been violated, overturning plaintiff's conviction is not an appropriate remedy under section 1983.  Claims attacking the legality of a prisoner's confinement must be presented in a petition for writ of habeas corpus following the exhaustion of state court remedies, not in a federal civil rights action. ***See Preiser v. Rodriguez***, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

### V.  CONCLUSION

In light of the above, plaintiff's section 1983 claims are legally frivolous.  The complaint is therefore **DISMISSED** pursuant to 28  U.S.C. § 1915(e)(2).

**SO ORDERED**, this *26th* day of January, 2006.

**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**